IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PAUL BERNARDO and MARK KUCERA, <br><br> Plaintiffs, <br><br> vs. <br><br> PAUL WATTERWORTH and JERRY JORDAN, <br><br> Defendants. | CV-16-59-BLG-SPW-CSO <br><br> **FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

On May 18, 2016, a "Complaint for Injuctivr [sic], Declaratory and Other Relief" ("Complaint"), purporting to bear the signature of Plaintiff Mark Kucera, was filed with the Court. *Cmplt. (ECF No. 1) at 7*. The Complaint seeks to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332. *Id. at 1*. As explained below, however, diversity jurisdiction is not established. The Court, therefore, lacks the power to adjudicate this action.

Diversity of citizenship jurisdiction, if it exists, must be grounded in 28 U.S.C. § 1332. That statute provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-

-1-

(1)   citizens of different States[.]

28 U.S.C. § 1332(a)(1).

It is fundamental that federal jurisdiction cannot be presumed. The diversity statute requires complete diversity of citizenship between all plaintiffs and all defendants. *City of Indianapolis v. Chase Nat. Bank of New York City*, 314 U.S. 63, 69 (1941); *Dolch v. United California Bank*, 702 F.2d 178, 181 (9th Cir. 1983) (citations omitted). It is to be strictly construed. *Indianapolis*, 314 U.S. at 69. Plaintiff, as the party asserting jurisdiction, has the burden of proving such jurisdiction exists. *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986).

Here, it is clear on the face of the Complaint that diversity of citizenship is not satisfied. The Complaint alleges that Mark Kucera is a citizen of Montana and that both Defendants Paul Watterworth and Jerry Jordan also are citizens of Montana. *ECF No. 1 at 1*. Thus, the parties are not diverse and this Court lacks subject matter jurisdiction.

Rule 12(h)(3) of the Federal Rules of Civil Procedure contemplates that lack of subject matter jurisdiction can be raised at any time. Further, the Court has the duty to raise jurisdictional issues even if the parties do not. *Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir.

1975). Based on the foregoing,

IT IS RECOMMENDED that the Court DISMISS this action, without prejudice, for lack of subject matter jurisdiction.[1]

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 31st day of May, 2016.

/s/ Carolyn S. Ostby
United States Magistrate Judge

---

[1] The Court also notes that Mark Kucera, who apparently purports to represent both Plaintiffs, may not represent Paul Bernardo in this Court. It is well-settled in the Ninth Circuit that a non-lawyer has no authority to appear as an attorney for others than himself. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). Also, this Court's Local Rules of Procedure provide that "[o]nly an attorney authorized to appear [in this Court] may appear on behalf of a party." Local Rule 83.1(a)(2), Local Rules of Procedure, United States District Court for the District of Montana ("Local Rules"). Here, Mark Kucera is not licensed to practice law in this Court and therefore is not authorized to appear on behalf of another party.